### 9157. FRANKLIN v. PARIS.

1. The exceptions taken to certain portions of the court's charge, and to the failure of the court to give in charge certain instructions to the jury, are without merit.

2. The evidence authorized a verdict in favor of the defendant on his plea of failure of consideration, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

DECIDED JANUARY 22, 1918.

Complaint; from Stephens superior court—Judge J. B. Jones. July 27, 1917.

*C. L. Redman,* for plaintiff.

*Davis & Davis, Claude Bond,* for defendant.

HARWELL, J. Franklin sued Paris on a note for $500, given by the latter to him. The defendant admitted the execution of the note, pleaded failure of consideration, and assumed the burden of proof. His evidence showed that in 1912 the plaintiff, who was then a practicing dentist in Jackson, Ga., made a contract with the defendant, who had just graduated from a dental college, by virtue of which contract the defendant, in consideration of the conveyance to him of the plaintiff's office equipment, office lease, fixtures, and dental practice, executed the $500 note sued on; that

the defendant was a stranger in Jackson, a stranger to the plaintiff, and knew nothing of the latter; that the plaintiff had agreed to stay in Jackson and help the defendant in his practice, but, instead of so doing, left the town shortly after the defendant's coming; that one Moore, claiming that several of the chairs included in the furniture bought by the defendant from the plaintiff, and constituting part of the consideration of the said note, were his property, came to the office and carried them off; that when the defendant informed the plaintiff of Moore's action, the plaintiff said that sometimes he and Moore borrowed chairs from each other, and that he supposed these chairs were Moore's property; that the plaintiff had represented to the defendant that he had a good practice in Jackson, that the defendant relied on these representations, but found them to be false, and in a few months the defendant left Jackson, leaving the remaining fixtures in the office; that the plaintiff then turned over to one Dr. Lanier the office and fixtures for the purchase of which defendant had given his note and upon Dr. Lanier's death the plaintiff resumed his practice of dentistry, employing the same office, equipment, and fixtures that he had sold to the defendant, and which constituted the consideration of the note in suit. The evidence was in conflict, but the jury were authorized to find that the facts of this case were as above stated, and the trial judge approved their finding.

The charge of the court that "the plaintiff, if the defendant had obtained the property and left it, without some authority would have had no right to convert it to his own use, [as] his own property, and if he did that, he would be liable to the defendant for the value," is not erroneous for any reason assigned. Nor is any other exception to the charge of the court meritorious.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*